UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23309-BLOOM/Torres

CLARA ARANDA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT
FOR LACK OF SUBJECT-MATTER JURISDICTION**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss ("Motion"), ECF No. [16], filed on December 11, 2023. Plaintiff filed a Response, ECF No. [20], to which the Defendant filed a Reply, ECF No. [23]. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. The Motion is granted.

**I.    BACKGROUND**

On November 11, 2019, the Social Security Administration ("SSA") brought a complaint to the Merit Systems Protection Board ("MSPB") requesting the removal of administrative law judge Clara Aranda due to "her neglect of duties, unacceptable docket management, and medical inability to perform her duties as an ALJ." ECF No. [1-1]. In response, Aranda raised disability discrimination claims as an affirmative defense. ECF No. [1-3] at 18-19. The Parties thereafter agreed to a Settlement Agreement, ECF No. [1-8]. The Settlement Agreement included a paragraph that made clear that it did not preclude Aranda from seeking attorney's fees. *Id.* at ¶ 3. The Settlement Agreement included a general release of claims, *Id.* at ¶ 5, and a release of discrimination claims under the Age Discrimination in Employment Act of 1967 specifically, *Id.*

at ¶ 7. The MSPB approved the Settlement Agreement. ECF No. [1-9]. Subsequently, Aranda filed a Motion for Attorney's Fees with the MSPB. ECF No. [1-10]. SSA opposed the Motion. *See* ECF No. [1-11] at 1. The MSPB denied Plaintiff's Motion for Attorney's Fees, arguing that there was no finding of discrimination under 5 U.S.C. § 7701(g)(2) entitling Plaintiff to a fee award. *Id.* at 7.

Aranda now asks that this Court review the MSPB's denial of her Motion for Attorney's Fees, ECF No. [1], in a complaint filed on August 29, 2023. The Complaint brings two counts against the Commissioner of Social Security: In Count I, Plaintiff alleges she is entitled to an award of attorney's fees, expenses and costs under 42 U.S.C. § 2000e-16, pursuant to 5 U.S.C. § 7701(g)(2); In Count II, Plaintiff alleges she is entitled to an award of attorney's fees, expenses and costs under 5 U.S.C. § 7701(g)(1).

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 4 U.S. 375, 377 (1994). The plaintiff bears the burden of establishing subject matter jurisdiction. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016). If there is a deficiency in subject matter jurisdiction, district courts are constitutionally obligated to dismiss the action. *Travaglio v. Am. Express Co.,* 735 F.3d 1266, 1268 (11th Cir. 2013). A court "may not consider the merits of [a] complaint unless and until [it is] assured of [its] subject matter jurisdiction." *Id.* at 1269 (quoting *Belleri v. United States*, 712 F. 3d 543, 547 (11th Cir. 2013)). In considering a facial attack on the complaint, the court must look to whether the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *McElmurray v. Consol. Gov't of Augustana-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (internal citation omitted).

Under the Civil Service Reform Act, ("CSRA") "a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1)(A). However, there is an exception to this rule: parties can seek review of MSPB decisions in federal district court when a federal employee "'(A) has been affected by an action which the employee … may appeal to the Merit Systems Protection Board, and (B) alleges that a basis for the action was discrimination prohibited by' a listed federal statute." *Kloeckner v. Solis*, 568 U.S. § 41, 50 (2012) (citing 5 U.S.C. § 7702(a)(1)). These cases are called "mixed cases," because a federal employee "complains of a serious adverse employment action taken against him, one falling within the compass of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., *and* attributes the action, in whole or in part, to bias based on race, gender, age, or disability, in violation of federal antidiscrimination laws." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422 (2017) (emphasis added).[1] For mixed cases, 5 U.S.C. § 7703(b)(2) provides as follows:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

---

[1] These mixed cases stand in contrast to cases that arise exclusively under the CSRA or under federal antidiscrimination law:

> If an employee asserts rights under the CSRA [(Civil Service Reform Act, 5 U.S.C. 1101 *et seq.*] only, MSPB decisions, all agree, are subject to judicial review exclusively in the Federal Circuit. § 7703(b)(1). If the employee asserts no civil-service rights, invoking only federal antidiscrimination law, the proper forum for judicial review, again all agree, is a federal district court; the Federal Circuit, while empowered to review MSPB decisions on civil-service claims, § 7703(b)(1)(A), lacks authority over claims arising under antidiscrimination laws, see § 7703(c).

*Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422–23 (2017) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 46 (2012)).

"The enforcement provisions of the antidiscrimination statutes listed in this exception all authorize suit in federal district court."[2] *Kloeckner*, 568 U.S. at 46 (citing 42 U.S.C. §§ 2000e–16(c), 2000e–5(f); 29 U.S.C. § 633a(c); § 216(b); *Elgin v. Dep't of Treasury*, 567 U.S. 1 (2012)). Accordingly, federal district courts have subject-matter jurisdiction to review MSPB opinions that reach the merits of mixed cases. As the Supreme Court subsequently clarified, federal district courts can also review MSPB decisions that never reach the merits of the mixed case but instead dismiss it on procedural or jurisdictional grounds. *Kloeckner*, 568 U.S. at 41; *Perry*, 582 U.S. at 420.

### B.     Service of Process

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "To serve a United States agency or corporation, … a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Under Rule 4(i), to serve the United States, a party must do two things (the first of which can be accomplished in three ways). First, the party must (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought[,]" Fed. R. Civ.

---

[2] The listed federal laws are:
    (i)     section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16),
    (ii)    section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
    (iii)   section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
    (iv)   sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
    (v)    any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph[.]
5 U.S.C. 7702(1)(1)(B).

P. 4(i)(A)(i); or (2) "deliver a copy of the summons and of the complaint… to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk[,]" *id.*; or (3) "send a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office," *id.* at 4(i)(A)(ii). In addition, the party must send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B).[3]

Good cause for a failure to serve within the time limit prescribed in Rule 4(m) exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone–Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281–82 (11th Cir. 2007) (citation omitted)). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Id.* at 1281; *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132–33 (11th Cir.2005). "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." *Horenkamp*, 402 F.3d at 1132–33 (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

### III.    DISCUSSION

#### A.    Subject-Matter Jurisdiction

The Court first considers whether it has subject-matter jurisdiction of this case. The issue presented is whether this Court has jurisdiction to review the MSPB's denial of Plaintiff's attorney's fees. The Court notes that neither party is challenging the validity of their Settlement Agreement, which effectively resolved Plaintiff's affirmative defense of discrimination.[4] The

---

[3] There is a third step under Fed. R. Civ. P 4(i)(1)(c) "if the action challenges an order of a nonparty agency or officer of the United States."
[4] In the Settlement Agreement, Plaintiff waived "any and all claims or liabilities, in any stage of processing, in their entirety, arising from or relating to [Plaintiff's] employment with [the Administration]." ECF No. [1-8] at ¶ 5. Plaintiff also released and waived any Age Discrimination in Employment Act claims. *Id.* at

Court finds that it does not.

In her Complaint, Plaintiff alleges there is subject-matter jurisdiction because Plaintiff's claims are substantively based on federal questions pursuant to Title VII of the Civil Rights Act of 1964, the ADA, and the Civil Service Reform Act of 1978. ECF No. [1] at 1. Defendant argues that this Court has no subject-matter jurisdiction as Plaintiff's claims are solely for attorney's fees. ECF No. [16]. Plaintiff responds that she filed her appeal under 5 U.S.C. § 7703(b)(2), which grants federal district court jurisdiction over cases where federal employees bring claims under the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, and federal antidiscrimination laws. ECF No. [20] at 2.

The Court agrees with Defendant that it has no subject-matter jurisdiction over this appeal. The causes of action at issue here are not "cases of discrimination" for which there is federal district court jurisdiction under 5 U.S.C.§ 7703(b)(2), or procedural or jurisdictional dismissals of such cases of discrimination under *Kloeckner*, 568 U.S. at 41, or *Perry*, 582 U.S. at 420.[5]

In Count I of her Complaint, Plaintiff alleges she is entitled to an award of attorney's fees, expenses and costs under 42 U.S.C. § 2000e-16, pursuant to 5 U.S.C. § 7701(g)(2).[6] ECF No. [1] at 4-5. In Count II, Plaintiff alleges she is also entitled to an award of attorney's fees, expenses and costs under 5 U.S.C. § 7701(g)(1).[7] ECF No. [1] at 5. Defendant is correct that Plaintiff merely

---

¶ 7.
[5] Plaintiff raised an affirmative defense of discrimination after SSA's attempt to remove her. ECF No. [1-3]. SSA and Plaintiff then entered into a settlement. ECF No. [1-8]. After that settlement, Plaintiff asked the MSPB to award her attorney's fees. ECF No. [1-10]. When the MSPB denied her request, ECF No. [1-11], Plaintiff sought judicial review of the MSPB decision in this Court, ECF No. [1].
[6] Under 5 U.S.C. § 7701(g)(2):
> If an employee or applicant for employment is the prevailing party and the decision is based on a finding of discrimination prohibited under section 2302(b)(1) of this title, the payment of attorney fees shall be in accordance with the standards prescribed under section 706(k) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–5(k)).

[7] Under 5 U.S.C. § 7701(g)(1):
> Except as provided in paragraph (2) of this subsection, the Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by

seeks "judicial review of the denial of Plaintiff's request for attorney's fees, costs, and expenses." ECF No. [12]. The Court lacks jurisdiction under 5 U.S.C.§ 7703(b)(2) — and related jurisprudence — to review the MSPB decision in this case.

### B.     Failure to Serve

Because it has no subject-matter jurisdiction, the Court does not reach the merits of this claim. However, the Court notes that Plaintiff mischaracterized her compliance with the requirements of Rules 4(i) and 4(m) for proper service on an agency of the United States.[8] On November 29, 2023, the Court dismissed Plaintiff's Complaint without prejudice after Plaintiff failed to file proof of service by the required deadline. ECF No. [12]. On December 4, 2023, Plaintiff's counsel moved to vacate the dismissal. ECF No. [14]. Counsel represented to the Court that Plaintiff had complied with Rule 4(m) for timely service, but simply failed to file the relevant proof of service in time. *Id.* at 4. Based on those representations, the Court reopened the case. ECF No. [15]. Counsel now concedes that Plaintiff failed to comply with Rule 4(i)'s requirements for service, as she did not send her Complaint "to the civil-process clerk at the United States attorney's office[.]" Fed. R. Civ. P. 4(i)(1)(A)(ii). ECF No. [20] at 6. Additionally, Plaintiff recognizes she does not have good cause for failing to perfect service here, ECF No. [20] at 7-8. Because Plaintiff never properly served the United States in this case, she failed to file timely serve Defendant under

---

    the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

[8] Plaintiff chose to send her Complaint by registered mail to the United States Attorney for the Southern District of Florida; the Office of the Regional Chief Counsel for Region IV for the SSA; and the United States Attorney General in Washington. ECF No. [20] at 3. However, Federal Rule of Civil Procedure 4(i)(1) only authorizes parties to "send a copy of [the summons and complaint] by registered or certified mail" if they send it "to the civil-process clerk at the United States attorney's office[.]" Fed. R. Civ. P. 4(i)(1)(A)(ii). As Plaintiff acknowledges, she failed to do so. ECF No. [20] at 6. Accordingly, service is defective here.

Rule 4(m). Plaintiff's counsel's earlier representation that Plaintiff had complied with Rule 4(m) was therefore inaccurate. ECF No. [14]

Because the Court dismisses this action for lack of subject-matter jurisdiction, the Court does not reach Defendant's arguments that Plaintiff failed to state a claim or filed a shotgun pleading.

IV.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss for Failure to State a Claim, **ECF No. [16]**, is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED** without prejudice.

3. The Clerk of Court shall **CLOSE** this case for administrative purposes only.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on March 8, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record