UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23309-BLOOM/Torres

CLARA ARANDA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Reconsider the Court's Order Dismissing Plaintiff's Complaint, ECF No. [25], filed on March 15, 2024. The Defendant filed a Response, ECF No. [28], to which Plaintiff filed a Reply, ECF No. [29]. The Court has reviewed the Motion, the opposing and supporting submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion to Reconsider the Court's Order Dismissing Plaintiff's Complaint, ECF No. [25], is denied.

**I.    BACKGROUND**

On November 11, 2019, the Social Security Administration ("SSA") brought a complaint to the Merit Systems Protection Board ("MSPB") requesting the removal of Administrative Law Judge Clara Aranda due to "her neglect of duties, unacceptable docket management, and medical inability to perform her duties as an ALJ." ECF No. [1-1]. In response, Aranda raised disability discrimination claims as an affirmative defense. ECF No. [1-3] at 18-19. The Parties thereafter entered into to a Settlement Agreement, ECF No. [1-8]. The Settlement Agreement included a paragraph that made clear that it did not preclude Aranda from seeking attorney's fees. *Id*. at ¶ 3.

The Settlement Agreement included a general release of claims, *Id*. at ¶ 5, and a release of discrimination claims under the Age Discrimination in Employment Act of 1967. *Id*. at ¶ 7. The MSPB thereafter approved the Settlement Agreement. ECF No. [1-9]. Subsequently, Aranda filed a Motion for Attorney's Fees with the MSPB. ECF No. [1-10]. SSA opposed the Motion. See ECF No. [1-11] at 1. The MSPB denied Plaintiff's Motion for Attorney's Fees, finding that there was no finding of discrimination under 5 U.S.C. § 7701(g)(2) that would entitle Plaintiff to a fee award. Id. at 7.

Aranda then filed this action asking this Court to review the MSPB's denial of her Motion for Attorney's Fees, ECF No. [1], in a Complaint filed on August 29, 2023. The Complaint brought two counts against the Commissioner of Social Security: In Count I, Plaintiff alleges she is entitled to an award of attorney's fees, expenses, and costs under 42 U.S.C. § 2000e-16, pursuant to 5 U.S.C. § 7701(g)(2). In Count II, Plaintiff alleges she is entitled to an award of attorney's fees, expenses and costs under 5 U.S.C. § 7701(g)(1).

On March 8, 2024, this Court granted Plaintiff's Motion to Dismiss the Action, ECF No. [16], finding that it had no subject-matter jurisdiction to grant the relief requested. Specifically, the Court held that the causes of action at issue are not "cases of discrimination" for which there is federal district court jurisdiction under 5 U.S.C. § 7703(b)(2), or procedural or jurisdictional dismissals of such cases of discrimination under *Kloeckner*, 568 U.S. at 41, or *Perry*, 582 U.S. at 420. *Id.* at 6.  Plaintiff now files a Motion to Reconsider that Order, ECF No. [25].

II.     **LEGAL STANDARD**

A litigant may move for reconsideration pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 59(e), reconsideration is proper when there is: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) a need to correct a clear error of law or fact or prevent manifest injustice. *See Board. Of Trs. Of Med. Ctr. v.*

*Humana Mil. Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted). Similarly, under Rule 60(b), relief from a final order is appropriate based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud ... misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on the earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To prevail on a motion to reconsider, the moving party must demonstrate why the court should reverse its prior decision by setting forth facts or law of a strongly convincing nature. In reviewing a motion to reconsider, the Court "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." *Prudential Securities, Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D.Fla.1996) *quoting American Home Assurance, Co. v. Glenn Estess & Assoc. Inc.,* 763 F.2d 1237, 1239 n. 2 (11th Cir. 1985).

A motion to reconsider should not be used as a vehicle "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made: "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (internal formatting omitted). If a motion for reconsideration merely

submits previously rejected arguments, the motion should generally be denied. *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected")). "[However], [a] motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine*, 808 F. Supp. at 1563 (internal formatting and citation omitted).

Ultimately, motions for reconsideration are considered an "extraordinary remedy" for which the district court is granted substantial discretion. *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be overturned for an abuse of discretion. *See Bey v. Carrington Mortg. Servs., LLC*, 805 F. App'x 981, 983 (11th Cir. 2020) (per curiam) (citation omitted).

**III.     DISCUSSION**

In its Order on Defendant's Motion to Dismiss, ECF No. [24], this Court found that it had no subject-matter jurisdiction over Plaintiff's action. The Court ruled that the causes of action at issue in Plaintiff's case were not "cases of discrimination" for which there is federal district court jurisdiction under 5 U.S.C.§ 7703(b)(2), or procedural or jurisdictional dismissals of such cases of discrimination under *Kloeckner v. Solis*, 568 U.S. 41 (2012), or *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422 (2017), 582 U.S. at 420. ECF No. [24] at 6. Instead, the Court held that Plaintiff merely sought judicial review of the denial of her attorney's fees pursuant to a

4

settlement. *Id.* Finding it had no jurisdiction, the Court dismissed the case. *Id.*

Plaintiff argues that the Court should reconsider its Order on Defendant's Motion to Dismiss, as it incorrectly bifurcated the action in to two parts, one involving the substantive claim of discrimination and the other involving attorney's fees based on the settlement of the action to remove Plaintiff. ECF No. [25] at 3. Plaintiff asserts the Supreme Court rejected that approach in *Kloeckner*, 568 U.S. at 41, and that the Court of Appeals for the Federal Circuit, in *Schultz v. MSPB*, Case No. 12-3142, ECF No. [34] (Fed. Cir. September 17, 2013), available at https://cafc.uscourts.gov/opinions-orders/14-3120.order.8-26-2014.1.pdf, held that it had no jurisdiction over a petition for attorney fees in a mixed case and transferred the case to a federal district court. ECF No. [25] at 5. Defendant responds that Plaintiff is arguing that she has a mixed case for the first time in the instant motion, having abandoned the argument earlier, which is inappropriate because a motion to reconsider cannot raise an argument that could have been raised before. ECF No. [28] at 3. Defendant also argues it is unclear which rule Plaintiff is bringing that motion and the cases Plaintiff cites to do not support her argument. Defendant contends the cases refer to actions appealable to the MSPB under 5 U.S.C. § 7512, unlike Plaintiff's case where the MSPB has original jurisdiction over actions taken against administrative law judges under 5 U.S.C. § 7521. *Id.* Further, Defendant argues that Plaintiff has failed to cite to any authority that an affirmative defense of discrimination in an original action under 5 U.S.C. § 7521 constitutes a mixed case invoking a district court's subject matter jurisdiction. *Id.* at 5. Plaintiff replies she is bringing her Motion under Fed. R. Civ. P. 60(b) and she never conceded her case was not a "mixed case" but merely clarified that the Merit Systems Protection Board Administrative Law Judge did not follow the "mixed case" procedures in processing Plaintiff's case. ECF No. [29] at 2-3.

In the Civil Service Reform Act, "Congress created the Merit Systems Protection Board

(MSPB or Board) to review certain serious personnel actions against federal employees. If an employee asserts rights under the CSRA only, MSPB decisions, all agree, are subject to judicial review exclusively in the Federal Circuit. § 7703(b)(1). If the employee asserts no civil-service rights, invoking only federal antidiscrimination law, the proper forum for judicial review, again all agree, is a federal district court, see *Kloeckner,* 568 U.S. at 46; the Federal Circuit, while empowered to review MSPB decisions on civil-service claims, § 7703(b)(1)(A), lacks authority over claims arising under antidiscrimination laws, see § 7703(c)." *Perry*, 582 U.S. at 422–23.

However, a federal district court has jurisdiction to review "mixed cases[,]" defined as cases where a federal employee both "complains of a serious adverse employment action taken against him, one falling within the compass of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., and attributes the action, in whole or in part, to bias based on race, gender, age, or disability, in violation of federal antidiscrimination laws[.]" *Perry*, 582 U.S. at 422.[1] The Supreme Court has clarified that in mixed cases, a federal district court not only has subject-matter jurisdiction to review MSPB opinions that reach the merits of the federal antidiscrimination claim, it can also review MSPB decisions dismissing mixed cases on procedural or on jurisdictional grounds. *See Kloeckner*, 568 U.S. at 41; *Perry*, 582 U.S. at 422.

For the first time, the Court is confronted with Plaintiff's argument that her case is a

---

[1] These mixed cases stand in contrast to cases that arise exclusively under the CSRA or under federal antidiscrimination law:

> If an employee asserts rights under the CSRA [(Civil Service Reform Act, 5 U.S.C. 1101 et seq.] only, MSPB decisions, all agree, are subject to judicial review exclusively in the Federal Circuit. § 7703(b)(1). If the employee asserts no civil-service rights, invoking only federal antidiscrimination law, the proper forum for judicial review, again all agree, is a federal district court; the Federal Circuit, while empowered to review MSPB decisions on civil-service claims, § 7703(b)(1)(A), lacks authority over claims arising under antidiscrimination laws, see § 7703(c)."

*Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422–23 (2017) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 46 (2012)).

mixed case. In her Response to the Defendant's Motion to Dismiss, Plaintiff argued that:

> Defendant contends that Plaintiff has failed to state a claim because Plaintiff does not have a mixed case under 5 USC section 7702. Plaintiff's case involves the relatively unique situation of an attempted removal of a U.S. Administrative Law Judge. Thus, Plaintiff did not have any action to appeal. It was the Agency that initiated the process by filing a petition with the MSPB to remove Plaintiff from her position as an administrative law judge. Removal of an administrative law judge appointed pursuant to 5 USC section 3105 is governed by 5 USC section 7521. Removal of an administrative law judge requires good cause determined and established by the MSPB. 5 USC section 7521. There is no action to appeal unless the MSPB determines that there is good cause to remove the ALJ.
>
> As an affirmative defense to the removal action, Plaintiff asserted, inter alia, handicap discrimination. The removal litigation proceeded with handicap discrimination as an issue despite the Agency's attempt to dismiss the defense which was denied. Perhaps, the best course of action would have been for the MSPB to refer the affirmative defense to the Agency for adjudication pursuant to the framework in 5 U.S.S. section 7702. This did not happen and after years of litigation, the case was settled. After settlement, the Plaintiff filed a motion for attorney fees. The MSPB found that Plaintiff was a prevailing party but denied attorney fees.
> Federal courts have jurisdiction not only to review the substance of discrimination issues raised in disciplinary actions appealable to the MSPB but also the entire spectrum of procedural issues involved in those cases. *See, Kloeckner v. Solis*, *Secretary of Labor*, 568 U.S. 41 (2012). Thus, this Court has jurisdiction to review the MSPB's denial of attorney fees to the Plaintiff.
> Plaintiff has complied with all procedural requirements to invoke review by this Court. Plaintiff's complaint was filed in this Court within 30 days of receipt of a final agency decision as required by 5 USC section 7703(b)(2). The MSPB decision became final on August 9, 2023, and Plaintiff's complaint was filed on August 29, 2023, with this Court. Thus, Plaintiff has complied with all pertinent procedural requirements.

ECF No. [20] at 11-12 (footnotes omitted).

Plaintiff also stated in a footnote that "Plaintiff does not concede that 5 U.S.C. section 7702 concerning mixed case processing applies to the removal of ALJs pursuant to 5 USC section 7521." *Id.* at 11 n. 4. However, Plaintiff did not significantly engage with the case law about whether or not she brought a mixed case and appeared to disavow that she brought a mixed case. The Court therefore found that because Plaintiff did not bring an appeal on a mixed case, it

had no jurisdiction.

Defendant is correct that Plaintiff's argument "could have been raised prior to the entry of judgment" and so is an inappropriate ground to grant a motion to reconsider. *Michael Linet, Inc.*, 408 F.3d at 763. At the Motion to Dismiss stage, Plaintiff raised the argument that there was federal jurisdiction by drawing from *Kloeckner* — a case that pertains to federal jurisdiction over mixed cases. Further, Plaintiff made those characterizations while addressing Defendant's argument that there was a mixed case. Despite that, she never explicitly stated she had a "mixed case" in her Response to the Motion to Dismiss. *See generally* ECF No. [20]. Instead, Plaintiff conceded that this was a "unique action" where "Plaintiff did not have any action to appeal[.]" ECF No. [20] at 11. In addition, Plaintiff now cites *Schultz*, Case No. 12-3142, ECF No. [34], as a basis for jurisdiction in her Motion to Reconsider. Plaintiff could have argued that her case was a "mixed case" and cited to *Schultz* in her Response to the Motion to Dismiss but did not do so.

As this issue is now on appeal, the Court notes that *Schultz* does not change this Court's prior analysis. *Schultz* states that a district court has jurisdiction over an appeal of dismissal by the MSPB of a petition for attorney's fees pursuant to a settlement *on a mixed case*. *Schultz*, Case No. 12-3142, ECF No. [34] at 3.[2] However, Plaintiff's case came to the MSPB in a different posture. The case is an appeal of MSPB's denial of attorney's fees following a settlement in an action SSA brought against Plaintiff to terminate her as administrative law judge, in which Plaintiff raised disability discrimination claims as an affirmative defense. ECF No. [1-3] at 18-19. As Plaintiff herself recognized in her Response, this is a "unique action"

---

[2] In *Schultz*, the Federal Circuit cited to *Kloeckner* to grant the Board's motion to transfer the petition for review to the district court, stating that:
> The petition for attorney fees stems from a mixed case. Schultz initially alleged discrimination based on physical and mental disabilities. The Supreme Court's *Kloeckner* decision is not ambiguous: a federal employee should seek judicial review in district court, not in this court, when he claims that an agency action violates an antidiscrimination statute. *Id.*

*Schultz*, Case No. 12-3142, ECF No. [34] at 3.

where "Plaintiff did not have any action to appeal[.]" ECF No. [20] at 11.

As the Supreme Court reiterated in *Perry*, "the key to district court review, we said, was the employee's 'clai[m] that an *agency action appealable to the MSPB* violates an antidiscrimination statute listed in § 7702(a)(1).'" *Perry*, 582 U.S. at 431 (citing *Kloeckner*, 568 U.S. at 56) (emphasis added). Underlying Plaintiff's case is not an agency action appealable to the MSPB, but a complaint filed *directly* with the MSPB. The Complaint was not filed by Plaintiff but by the SSA that requested removal of Plaintiff. It is pursuant to *that* action that Plaintiff filed a disability discrimination affirmative defense. Even at this stage of the proceedings, Plaintiff indicates in her Reply that the MSPB did not treat Plaintiff's case as a mixed case as it "did not follow the 'mixed case' procedures in processing Plaintiff's case." ECF No. [29] at 2. Based on Plaintiff's own characterization, it appears Plaintiff's case is simply not entitled to district court review.

Accordingly, Plaintiff's Motion for Reconsideration is denied. The Court declines to reconsider its Order on Defendant's Motion to Dismiss stating that it has no jurisdiction over Plaintiff's case as it is not an appeal of a MSPB decision in a mixed case.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Reconsider the Court's Order Dismissing Plaintiff's Complaint, **ECF No. [25]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on August 2, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:     Counsel of Record